IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DAKOTA HOLLAND,<br><br>    Defendant. | Case No. 3:20-CR-30140-NJR-1 |

## ORDER

**ROSENSTENGEL, Chief Judge:**

  Pending before the Court is a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed *pro se* by Defendant Dakota Holland. (Doc. 54). Holland seeks relief under Part A of Amendment 821 to the Sentencing Guidelines. (*Id.*). Holland alternatively asks the Court to grant him time served due to "the mistakes that were made in [his] plea." (*Id.*).

  Under 18 U.S.C. § 3582(c), a district court "may not modify a term of imprisonment once it has been imposed" unless an exception applies. *See Dillon v. United States*, 560 U.S. 817, 824 (2010). One of those exceptions is for "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

  With Part A of Amendment 821, the Sentencing Commission altered the number of "status points" imposed for having committed an offense while under a criminal justice sentence. U.S.S.G. § 4A1.1(e). Under the amended provision, a defendant who has

seven or more criminal history points and who committed the offense of conviction while under any criminal justice sentence receives one status point. A defendant who has six or less criminal history points and who committed the offense of conviction while under any criminal justice sentence receives no status points. *See* U.S.S.G. § 1B1.10(e)(2).

Here, Holland received two status points for committing the instant offense, assaulting a federal officer, while serving a term of imprisonment. (Doc. 49 at p. 10). With a criminal history score of nine, Holland fell within Criminal History Category IV. (*Id.*). Under the revised U.S.S.G. § 4A1.1(e), Holland would now be assessed only one status point, for a total criminal history score of eight. Under the Sentencing Guidelines, however, a criminal history score of eight still results in a Criminal History Category of IV. Therefore, even with the removal of one status point, Holland's advisory guidelines range would remain the same: 24 to 30 months. As a result, Holland is not entitled to a sentence reduction.

Holland also references his plea agreement and the fact that the Government invoked its ability to advocate for any sentencing position supported by the facts due to Holland's violation of the plea agreement terms. As part of his plea agreement, Holland and the Government had agreed to request one year and one day of imprisonment for his offense. (Doc. 38). But when the Jefferson County State's Attorney charged Holland with two counts of Aggravated Battery in violation of 720 ILCS 5/12-3(a)(1) and 720 ILCS 5/12-3(a)(2) — a violation of his plea agreement — the Government revoked its agreement to the one year and one day sentence and instead recommended a sentence of 24 months. (Docs. 45, 46). Holland now states that he "beat that case on lies that were made up on

[him]." (Doc. 54). He questions whether he is now eligible for the one year and one day sentence originally agreed upon and asks that the court grant him time served.

Section 3582(c)(2) allows a district court to reduce a defendant's sentence if he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). It "does not authorize a resentencing. Instead, it permits a sentence reduction within the narrow bounds established by the Commission." *Dillon v. United States*, 560 U.S. 817, 831 (2010). Because Holland's argument regarding his plea agreement terms does not fall within the "narrow bounds" of § 3582(c)(2), it is not cognizable on such a motion in his criminal case. If Holland wishes to collaterally attack his sentence, he must do so through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.

For these reasons, the Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 filed by Defendant Dakota Holland (Doc. 54) is **DENIED**.

**IT IS SO ORDERED.**

DATED:   November 3, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**